## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| Edward Johnson III (#113282), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 50159 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's amended application for leave to proceed *in forma pauperis* [7] is granted. The initial partial filing fee is waived. The court authorizes and orders the trust fund officer at the Winnebago County Jail to begin collecting monthly deductions from plaintiff's account for payment to the Clerk of Court toward the filing fee. The clerk is directed to send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Winnebago County Jail. Summonses, however, shall not issue at this time as following initial review pursuant to 28 U.S.C. § 1915A, plaintiff's amended complaint [6] (which includes first and second amended complaints directed at individuals who are employed by different correctional facilities) is dismissed. If he can do so consistent with this order, plaintiff may submit a third amended complaint by September 12, 2017. If plaintiff does not comply or submits another deficient complaint, the court may summarily dismiss this case. Plaintiff is also directed to submit a completed USM-285 form for each defendant named in any third amended complaint. The clerk is directed to send plaintiff a copy of this order, along with an amended complaint form and instructions and a blank USM-285 service form.

## STATEMENT

Plaintiff Edward Johnson III, a federal pretrial detainee who is housed at the Winnebago County Jail, filed this *pro se* lawsuit based on events that allegedly transpired when he was in custody at the Winnebago County Jail, the Ogle County Jail, and the Metropolitan Correctional Center. By order dated June 5, 2017, the court denied his application to proceed *in forma pauperis* with leave to file a properly supported amended application. [5]. The court also directed plaintiff to submit an amended complaint, explaining that even if he was able to resolve his fee status, his original complaint violated the rule prohibiting an inmate from bringing unrelated claims against unrelated defendants in a single complaint accompanied by a single filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In response, plaintiff submitted an amended application to proceed *in forma pauperis* and an amended complaint which consists of two separate amended complaints and a document entitled "memorandum of law."

*Application for Leave to Proceed In Forma Pauperis*

Plaintiff's application for leave to proceed *in forma pauperis* is granted. The certification portion of his amended application for leave to proceed *in forma pauperis* indicates that the balance in his inmate trust account is zero and that he has received a total of $11.64 in the past six months. Two entries on his trust fund ledger are redacted, apparently by the trust fund officer at the Winnebago County Jail. The court calculates an average monthly deposit of $1.94; the trust fund officer, who presumably has access to plaintiff's complete trust fund account ledger, calculates an average monthly deposit of $2.67. But either way, the initial partial payment calculated pursuant to 28 U.S.C. § 1915(b) is less than one dollar. Thus, the court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). Nevertheless, the court authorizes and orders the trust fund officer at plaintiff's place of incarceration to begin collecting monthly installments from plaintiff's trust fund account and pay the money directly to the clerk toward the filing fee. *See* 28 U.S.C. § 1915(b)(2). Monthly payments from plaintiff's trust fund account should reflect an amount equal to 20% of the preceding month's income credited to the account and should be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. The court directs the clerk to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full.

*Initial Review of Plaintiff's Amended Complaint*

As with plaintiff's original complaint, the court must review his amended complaint and dismiss it, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

The court's June 5, 2017 order advised plaintiff that although he is a federal pretrial detainee, to the extent that he elected to proceed against officials at the Winnebago or Ogle County Jails, his claims arise under 42 U.S.C. § 1983 as officials at these facilities acted under color of state law (not federal law) at the relevant times.[1] [5] at 4. It further advised plaintiff that his

---

1 According to plaintiff, *Lewis v. Downey*, 581 F.3d 467, 471 n.3 (7th Cir. 2009), stands for the proposition that a county employee caring for a federal prisoner is a federal actor, rendering § 1983 applicable. [6] at 16. This is incorrect; the Seventh Circuit declined to reach this issue in *Lewis*, but noted that "[w]e doubt . . . that the contractual relationship [between a county facility housing federal prisoners and the federal government] does anything to change the status of county jail employees as *state* actors." *Id.* (emphasis in original). Subsequently, the Seventh Circuit expressly held that § 1983 applies to federal detainees housed in County facilities. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (finding that where a "contract [between the McHenry County Jail and the federal government] did not federalize McHenry County Jail, which continued to house nonfederal as well as federal prisoners," a federal detainee properly sought relief under § 1983 and noting that "[c]ases similar to this, allowing section 1983 claims by

2

complaint contained at least twenty-three unrelated claims against unrelated individuals at the Winnebago County Jail, the Ogle County Jail, and the Metropolitan Correctional Center and thus violated the rule prohibiting an inmate from bringing unrelated claims against unrelated defendants in a single complaint accompanied by a single filing fee. *Id*. at 3-4. In response, plaintiff submitted an amended complaint that consists of two proposed amended complaints and a document captioned "memorandum of law." The first amended complaint names Winnebago County Jail Superintendent Robert Redmond. [6] at 1-6. Construed generously, plaintiff appears to be alleging that Redmond is responsible for a Winnebago County Jail policy that causes inmates' "legal calls" to be monitored. *Id*. at 4. Plaintiff's second amended complaint names Lieutenant Lynn at the Ogle County Jail. *Id*. at 8-14. Plaintiff asserts claims of medical deliberate indifference regarding the denial of prescription glasses and dental care. *Id*. His theory of relief appears to be that he complained to Lynn about these issues, to no avail. *Id*. at 12. Plaintiff's memorandum (which is not necessary when drafting a complaint) contains authority relating to medical and dental deliberate indifference claims. *Id*. at 15-16.

This is somewhat better, but still unacceptable, given the joinder principles discussed in the court's order screening the original complaint. *See George*, 507 F.3d at 607. Plaintiff's attempt to avoid the "one filing fee per complaint" rule by simultaneously submitting two complaints in this case is unavailing. *See id*. If he wishes to bring actions based on events that allegedly transpired at both the Winnebago and Ogle County Jails, he must do so in two separate actions, as he may not proceed against individuals at both facilities in a single lawsuit. He is reminded that if he files another action, he will either have to pay another filing fee or obtain leave to proceed *in forma pauperis* and that if he proceeds as a pauper in a second case, 28 U.S.C. § 1915(b)(2) requires 20% monthly deductions for *each* of his cases. *See Bruce v. Samuels*, — U.S. —, 136 S. Ct. 627, 632-33 (2016). In that instance, each time his monthly balance exceeds $10, the trust account custodian at the facility where he is incarcerated will deduct 20% + 20%, for a total of 40%, until the filing fees (which will total $700) are paid in full. This obligation will follow him, even if he is transferred to a different facility in the future.

Accordingly, plaintiff may not proceed based on his two amended complaints. If he wishes to proceed with this action, he must submit a third amended complaint that contains a single core claim (or legally related claims) against proper defendants. Any additional claims plaintiff may wish to prosecute must be brought in separate lawsuits that will each need to be accompanied by a separate application for leave to proceed *in forma pauperis*. Any third amended complaint must be submitted on the District's required form. *See* Local Rule 81.1. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended

---

federal prisoners against county or city employees, are legion"). In another effort to base his claims on a statute other than § 1983, plaintiff's amended complaint also invokes 18 U.S.C. § 4002. [1] at 1. Section 4002 allows the Attorney General to "contract, for a period not exceeding three years, with the proper authorities of any State, Territory, or political subdivision thereof, for the imprisonment, subsistence, care, and proper employment of [federal inmates]." It is not a source of substantive rights. Thus, the court construes plaintiff's complaint as a request for relief pursuant to 42 U.S.C. § 1983.

pleading supersedes (that is, completely replaces) prior versions of the complaint and must stand complete on its own. Therefore, all allegations must be set forth in the third amended complaint without reference to a prior version of the complaint. The clerk will provide plaintiff with an amended civil rights complaint form and instructions. If plaintiff fails to submit a third amended complaint by the deadline, then the case will be dismissed for lack of prosecution.

When deciding how to proceed, plaintiff should perform some basic legal research. His effort to bundle claims based on the alleged denial of prescription glasses (which he defines as reading glasses, [6] at 10, and dental care is premised on his decision to name Lieutenant Lynn at the Ogle County Jail as the sole defendant. Ordinarily, however, medical claims are brought against medical staff who provide care. Lieutenant Lynn is not a medical provider and generally, non-medical staff are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Thus, if plaintiff wishes to pursue a medical claim, he should carefully consider who to name as a defendant, specify how the condition at issue is objectively, sufficiently serious, and include factual allegations suggesting that each named defendant was deliberately indifferent. *See Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015) (the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations are insufficient).

Date: 7/14/2017                    ENTER:

_Philip G. Reinhard_
United States District Court Judge

Docketing to Mail Notices. (LC)

4